UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| CARROL J. VOISIN, JR., ET AL. | CIVIL ACTION |
| VERSUS | NO.: 13-438-BAJ-RLB |
| ARMACELL, LLC, ET AL. | |

### ORDER

Before the court is a Joint Motion for Reconsideration of Armacell LLC's ("Armacell") Motion to Continue Factual Discovery Deadline (R. Doc. 55) filed on July 22, 2015. The motion seeks reconsideration of the court's order (R. Doc. 53) denying Armacell's Unopposed Motion to Continue Factual Discovery Deadline (R. Doc. 52). The court will construe the instant motion as independently seeking an extension of the non-expert discovery deadline.

The plaintiffs originally filed this action in state court alleging that, as a result of Mr. Voison's employment, he was exposure to certain chemicals found in products manufactured by Armacell and the other defendants that ultimately caused him to develop lymphoma. (R. Doc. 1-8 at 4-5). Armacell and the other defendants removed this action on July 3, 2013. (R. Doc. 1).

On October 16, 2013, the court entered a Scheduling Order (R. Doc. 19) based upon deadlines requested by the parties in a Joint Status Report (R. Doc. 18). As requested by the parties, the deadline for completing non-expert discovery was set for September 30, 2014. Trial was set to begin on November 9, 2015.

On April 28, 2014, the parties filed a joint motion to extend deadlines. (R. Doc. 22). In support of that motion, the parties represented that they had worked diligently in completing discovery. The parties further represented that in light of the health of the plaintiffs, Mr.

Voison's deposition had not been completed. The parties further represented that the plaintiffs would be adding two additional defendants and, in the interest of judicial efficiency, the deposition of Mr. Voison should not be taken until all new parties were represented by counsel. The court granted the motion and provided a 90-day extension of discovery deadlines. (R. Doc. 24).

On May 28, 2014, the plaintiffs filed their First Supplemental and Amended Complaint naming the two new defendants. (R. Doc. 26). After those new defendants had an opportunity to make an appearance, the parties submitted another Joint Status Report. (R. Doc. 40). On August 21, 2014, the court issued a new Scheduling Order providing that the deadline to complete non-expert discovery was reset, as requested by the parties, for July 31, 2015. (R. Doc. 43). The trial has been reset to begin on September 19, 2016.

On July 10, 2015 Armacell filed a motion seeking an additional 60-day extension of the deadline to complete non-expert discovery. (R. Doc. 52). Armacell represented that its motion was unopposed and all "parties agree that additional time is needed to conduct factual discovery in this matter." (R. Doc. 52 at 1). The court denied the motion because Armacell failed to provide any basis supporting a finding that the "good cause" requirement of Rule 16(b)(4) of the Federal Rules of Civil Procedure was satisfied. (R. Doc. 53).

On July 22, 2015, the parties filed the instant joint motion seeking the same discovery extension requested in the denied motion filed by Armacell. (R. Doc. 55). In support of their motion, the parties provided an 8-page memorandum in support of a finding of good cause. (R. Doc. 55-1).

Rule 16(b)(4) of the Federal Rules of Civil Procedure allows for the modification of a scheduling order deadline upon a showing of good cause and with the judge's consent. The Fifth

Circuit has explained that a party is required "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Marathon Fin. Ins. Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009) (quoting *S&W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)). The August 21, 2014 Scheduling Order informed the parties that "[j]oint, agreed or unopposed motions to extend scheduling order deadlines will not be granted automatically" and that "[e]xtensions of deadlines governing discovery must be supported with information describing the discovery already completed, what necessary discovery remains, the parties' efforts to complete the remaining discovery by the deadline, and any additional information showing that the parties have diligently pursued their discovery." (R. Doc. 43 at 3).

In support of a finding of good cause, the parties indicate that they have been unable to complete non-expert discovery within the current deadlines despite their diligence. The parties represent that discovery has been complicated because of Carrol J. Voison, Jr.'s failing health, limited stamina, and hospitalization. (R. Doc. 55-1 at 2). The parties indicate that Mr. Voison has been deposed on August 23, 2013; March 18, 2014; September 26, 2014; November 18, 2014; and December 17, 2014 for the purpose of discovery and trial. (R. Doc. 55-1 at 2). The parties further indicate that Plaintiffs have propounded four sets of interrogatories and requests for production on the Defendants, and the Defendants have worked together to propound one set of "master discovery" on the Plaintiffs in June of 2015. (R. Doc. 55-1 at 2-3). The parties further indicate that depositions of Mr. Voison's co-workers have been taken, and the parties have worked together to schedule the corporate depositions of the Defendants, the plaintiff Earline Voison, and non-party Insulation Sales and Services. (R. Doc. 55-1 at 2-4). The parties indicate that the deposition of Earline Voison has been difficult to schedule in light of her own

illness and hospitalization, and it has taken significant time for the defendants to identify and prepare corporate witnesses in light of the fact that the events germane to the case occurred between 20-25 years ago. (R. Doc. 55-1 at 3-4). The parties further indicate that the 60-day extension sought will not impact other deadlines in this action. (R. Doc. 55-1 at 5).

In light of the foregoing, the court finds that the parties have established good cause for a modification of the court's scheduling order and the extension sought.

**IT IS ORDERED** that the Joint Motion for Reconsideration (R. Doc. 55), which the court deems to be a joint motion for extension of the non-expert discovery deadline, is **GRANTED**.

**IT IS FURTHER ORDERED** that the deadline to complete all discovery except experts, including the filing of any related discovery motions, is extended to **September 30, 2015**.

Signed in Baton Rouge, Louisiana, on July 27, 2015.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**